IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SPARTA INSURANCE COMPANY,     ) | |
|     Plaintiff,     ) | |
| ) | |
| v.     ) | CIVIL ACTION: 17-00323-KD-M |
| ) | |
| VILLIE MOORE, *et al.*,     ) | |
|     Defendants.     ) | |

**ORDER**

This matter is before the Court on Defendant Villie Moore (Moore)'s Rule 56(d) motion to defer or postpone the Court's consideration of Plaintiff Sparta Insurance Company (Sparta)'s motion for summary judgment, with Affidavit in support. (Doc. 43).

Rule 56(d) of the Federal Rules of Civil Procedure provides as follows:

> **(d) When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>     (1) defer considering the motion or deny it;
>     (2) allow time to obtain affidavits or declarations or to take discovery; or
>     (3) issue any other appropriate order.

Thus, Rule 56(d) provides for the circumstance "where facts are unavailable to the nonmovant." If a nonmovant shows by affidavit that it cannot present facts essential to its opposition, the court has discretion to deny a motion for summary judgment or defer consideration. Rule 56 "implies ...courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Sanborn v. Jagen Pty. Ltd., 2010 WL 1730756, *2 (M.D. Fla. Apr. 28, 2010). Indeed, "summary judgment may only be decided upon an adequate record[:]"….[S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual

1

materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests. Id. (citing Snook v. Trust Co. of Ga. Bank, 859 F.2d 865, 870 (11th Cir. 1988)).

As grounds for the motion, Moore contends that Sparta has failed to provide sufficient or substantive responses to the interrogatories propounded and/or responsive documents to the requests for production. Specifically, Moore propounded such discovery on April 4, 2018, 30 days before the May 4, 2018 close of discovery. On May 4, 2018, Sparta provided its responses, which Moore contends contain perfunctory and general objections (undue burden, relevance, etc.) and are thus lacking in substance. From this, Moore argues that she lacks the ability to respond to the summary judgment motion because the answers to the questions propounded and documents sought are "crucial" to the outcome of this insurance coverage dispute. On May 11, 2018, Sparta moved for summary judgment.

As set forth in the October 16, 2017 Rule 16(b) Scheduling Order (Doc. 24), Moore had an adequate opportunity to conduct discovery and gather materials in support of her case -- approximately seven (7) months. Moore did not propound the subject interrogatories and requests for production until the last month -- April 2018. There is no explanation by Moore as to why she did not propound this discovery during the first six (6) months of the discovery period.

Upon consideration, Moore's motion is construed as a motion to compel discovery, which is untimely per the Rule 16(b) Scheduling Order. (Doc. 24). Moore waited until April 4, 2018 to

propound this "crucial" discovery to Sparta, failing to allow extra time for the filing of a motion to compel (if needed), Sparta's response 14 days thereafter, and resolution of the motion by the Court. The Rule 16(b) Scheduling Order specifically addresses the completion of discovery and the filing of discovery motions, in relevant part, as follows:

> **3. DISCOVERY COMPLETION**. All discovery is to be completed not later than **May 4, 2018**….
> \*\*\*
> For all actions, "completed" means that all interrogatories, requests for admissions, requests for production and responses thereto have been served….**motions to compel timely filed to give adequate time for the Court to consider them**[1]….
> \*\*\*
> [1] See paragraph 11(b).
> \*\*\*
> **11. DISCOVERY MOTIONS**. The following requirements pertain to discovery motions filed in this Court:
> \*\*\*
> b. Time of Filing; Form. A…motion to compel pursuant to Fed.R.Civ.P. 37 shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court. Any such motion shall include and quote in full (1) each interrogatory, request for admission or request for production to which the motion is addressed and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party, as well as counsel's argument as to why, both factually and legally, his client is entitled to the requested information….
>
> c. Time for Response. Unless within **fourteen (14) days** after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion….

(Doc. 24 at 2-5, note 1 (emphasis in original)). Additionally, when Sparta provided its responses to Moore's discovery on May 4, 2018, Moore could have raised this issue with the Court at that time. Instead, Moore waited until June 1, 2018.

Based on the foregoing, Moore's motion (Doc. 43) is **DENIED.**

**DONE** and **ORDERED** this the **4th** day of **June 2018.**

                                            /s/ Kristi K. DuBose
                                          **KRISTI K. DuBOSE**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**